## STATE v. ROBERT FRANKLIN BURELL.

(Filed 22 March, 1961.)

**1. Criminal Law § 173—**

In a hearing under the Post-conviction Hearing Act the court should make findings of fact sufficient to support its order.

**2. Same:   Criminal Law § 17—**

When the court, in a hearing under the Post-conviction Hearing Act, finds that the area in which the offense was committed was one in which the U. S. Government had assumed and exercised exclusive control in connection with a project for housing military personnel and civilian employees of the Federal Government, without a finding that the offense occurred within the boundary of a military base or that the Federal Government had exclusive criminal jurisdiction over the area, judgment that the Federal courts had exclusive jurisdiction must be remanded for the finding of sufficient and definite facts.

Proceeding under the North Carolina Post-conviction Hearing Act, G.S. 15-217, *et seq*, heard by *Morris, J.*, at the November 18, 1960 Term, of CRAVEN.

This case is before the Supreme Court upon a writ of *certiorari* pursuant to a petition by the solicitor on behalf of the State, as a result of an order entered in the proceeding below.

Robert Franklin Burell was tried at the November 1959 Term of Craven County Superior Court on an indictment charging rape. The defendant pleaded not guilty. The court appointed counsel to represent him. The jury returned a verdict of guilty of an assault with intent to commit rape, and the defendant was sentenced to imprisonment in the State's Prison for 15 years. He appealed to the Supreme Court and substitute defense counsel was appointed to represent him on appeal. This Court found no error. *S. v. Burell*, 252 N.C. 115, 113 S.E. 2d 16. Subsequently defense counsel instituted a proceeding under the Post-conviction Act referred to above and the matter was heard. The pertinent findings of fact of the judge are as follows:

"The court finds that the offense of which the defendant has been convicted was committed within an area over which the U. S. Government has taken, assumed and exercises exclusive custody and control for the purpose of housing project for military personnel and for civilian employees of the U. S. Government. The court finds as a fact that, while there is no evidence that there was a letter or other declaration issued by the U. S. Government to the Governor of the State of North Carolina, the declaration itself and the order entered in the U. S. District Court for the Eastern District of North Carolina indicates unequivocally that said area is within the custody,

control, possession of the U. S. Government for the purposes here-inbefore set forth."

Thereupon, on the basis of such findings, the court ruled that the Superior Court had no jurisdiction to try the defendant for the offenses and the jurisdiction was vested in the United States District Court for the Eastern District of North Carolina. The court then ordered that the defendant be held in custody to be delivered to the Marshall of the U. S. Court for the Eastern District.

The solicitor gave notice that he would apply for writ of *certiorari,* filed his petition therefor, and the same was granted by this Court.

*Attorney General Bruton, Assistant Attorney General Harry W. McGalliard for the State.*
*Charles L. Abernethy, Jr., for defendant.*

WINBORNE, C.J.  The single assignment of error in case on appeal is that the court below erred in entering the order finding that the Superior Court of Craven County did not have criminal jurisdiction over the offense in this case. In this connection G.S. 15-221 requires that "When the said hearing is completed, the court shall make appropriate findings of fact, conclusions of law thereon and enter judgment upon said hearing * * *." See also *Miller v. State,* 237 N.C. 29, 74 S.E. 2d 513.

Upon a thorough reading of case on appeal it appears that Judge Morris failed to make certain "appropriate" findings of fact. There was no finding of fact as to where the alleged offense took place except "within an area over which the U. S. Government has taken, assumed and exercised exclusive custody and control for the purpose of housing project for military personnel and for civilian employees of the U. S. Government." There is no finding of fact that the alleged offense occurred on and within the boundary of the 337.01 acres that were added to the Cherry Point Base by condemnation proceedings in the Federal Court. There was no finding of fact that the United States Government had exclusive criminal jurisdiction over the area. The judge's order says "exclusive custody and control for the purpose of housing" military personnel and civilian employees of the Federal Government. In short there are not sufficient subsidiary findings of fact to support the ultimate conclusion reached by the court.

Therefore, in the absence of sufficient and definite findings of fact, the case should be remanded to the Superior Court to the end that the facts may be sufficiently and definitely found, that the court can more accurately and safely pass upon the conclusion of law.

Error and remanded.